UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEBORAH CROSS,

    Plaintiff,

v.

KELLWOOD RETAIL GROUP, et al.,

    Defendants.
_____/

No. C 08-5075 PJH

**ORDER GRANTING MOTION TO JOIN DEFENDANT, AND ORDER REMANDING CASE**

    Before the court are the motions of plaintiff Deborah Cross to remand the above entitled action and to join Koret of California, Inc. as a defendant.

## INTRODUCTION

    Plaintiff Deborah Cross filed this action in the Superior Court of California, County of Alameda, on September 19, 2008, against defendants Kellwood Retail Group, Inc. ("KRG" – also identified in the complaint as "a.k.a. Koret of California"); the Kellwood Company ("Kellwood"); and 20 DOES.

    Defendants answered the complaint on November 4, 2008, and removed the case on November 6, 2008, alleging diversity jurisdiction. Defendants assert that plaintiff is a California citizen; KRG is a Delaware corporation with its principal place of business in New York; and Kellwood is a Delaware corporation with its principal place of business in Missouri.

    In the notice of removal, defendants contend that Koret of California, Inc. ("Koret") was dissolved in February 2008, before plaintiff filed the present action, and that its California offices are closed and its operations have been moved to New York. Defendants also assert that Kellwood was fraudulently joined because the complaint fails to state a cause of action against Kellwood, and because plaintiff was an employee of KRG, not

Kellwood.  In addition, defendants contend that DOE defendants cannot be used to establish lack of complete diversity.

Plaintiff now seeks an order remanding the case, on the grounds that defendants failed to establish complete diversity and the absence of a local defendant.  In a second motion, plaintiff seeks leave to amend the complaint to join DOE defendant Koret of California, Inc., asserting that at the time she filed the complaint, she was unaware that Koret was a separate legal entity and not simply a trade name for the named defendants.

## BACKGROUND

Plaintiff asserts she was hired by Kellwood[1] as an Administrative Retail Coordinator at its Oakland office around December 7, 2006.  Near the end of June 2007, plaintiff began having problems with back pain.  This pain prevented her from going to work on June 25, 2007.  Plaintiff notified her supervisor, Debra Garcia, that she would not be able to report to work.  After receiving a doctor's authorization, plaintiff got permission from her supervisor to take several days off from work.

Around July 2, 2007, plaintiff reported to work in spite of still experiencing back pain.  The following day she met with Rohini Mukand, the vice president of human resources, who warned plaintiff she was about to use up all her paid sick leave.  Around July 9, 2007, plaintiff attended a staff meeting where she was informed that her supervisor, Ms. Garcia, would be out on disability leave for two weeks.  The supervisor's leave was due to back pain.  According to plaintiff, a Koret executive was in charge of day-to-day operations during the supervisor's absence.

According to plaintiff, a doctor put her on disability around July 11, 2007.  Plaintiff left a voicemail for Ms. Mukand requesting two weeks of disability leave.  Ms. Mukand called plaintiff, informed her that she was not eligible for disability, and terminated her due to excessive absences.  Plaintiff filed a complaint with the Department of Fair Employment

---

[1] In her original complaint, plaintiff uses the name "Kellwood" to refer to both defendants jointly.  In her motion to remand, she continues to assert she was hired by "Kellwood" instead of identifying specifically KRG or Koret.

2

and Housing (DFEH) and received a right-to-sue notice dated May 1, 2008.

In her complaint, plaintiff alleges seven causes of action under California law – (1) retaliation based on requests for reasonable accommodation of disability and requests for medical leave (California Government Code §§ 12926, 12940, 12940(h), 12945.2); (2) failure to accommodate (Government Code § 12926); (3) discrimination based on disability or on perceived disability (Government Code §§ 12926, 12940); (4) failure to engage in a good faith interactive process (Government Code § 12940); (5) failure to prevent discrimination (Government Code § 12940(k)); (6) wrongful termination in violation of public policy; and (7) unfair business practices (California Business and Professions Code § 17200). All seven causes of action are asserted against "all defendants."

The identity of plaintiff's employer is in dispute because the relationships between KRG, Koret and Kellwood remain unclear. In her initial complaint, plaintiff identified defendant Kellwood Retail Group as "a.k.a. Koret of California." Now that she seeks leave to amend the complaint to add Koret as a defendant, defendants contend that plaintiff was never employed by Koret. Plaintiff has submitted documents she received as an employee that include references to all three entities (KRG, Koret, and Kellwood). Defendants have submitted documents that show plaintiff's direct employment relationship with KRG, including plaintiff's W-2 and the letter in which plaintiff received an offer of employment with KRG.

**DISCUSSION**

A.   Legal Standard

A defendant may remove a civil action filed in state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441. A plaintiff may seek to have a case remanded to the state court from which it was removed if the district court lacks jurisdiction or if there is a defect in the removal procedure. 28 U.S.C. § 1447(c). The removal statutes are construed restrictively, so as to limit removal jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941).

The district court must remand the case if it appears before final judgment that the

court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  There is a "strong presumption" against removal jurisdiction.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal.  Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004).  Doubts as to removability are resolved in favor of remanding the case to state court.  Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

      Under Federal Rule of Civil Procedure 15, a plaintiff may amend a complaint once as a matter of course at any time before a responsive pleading is served.  Once the defendant has answered the complaint, the plaintiff may amend the complaint only by leave of court or by written consent of the other party, and leave shall be freely given "when justice so requires."  Id.; see also, e.g., Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (leave to amend granted with "extreme liberality").

      Title 28 U.S.C. § 1447(e) provides that, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  Permitting joinder of non-diverse defendants in a removed action divests a district court of jurisdiction if diversity is the sole basis for subject matter jurisdiction.  Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1068 (9th Cir. 2001) (citing Desert Empire Bank v. Insurance Co. of North America, 623 F.2d 1371, 1374, 1377 (9th Cir. 1980)).

B.    Plaintiff's Motions

      In her first motion, plaintiff argues that removal was improper because defendants have failed to prove complete diversity.

      Defendants argue that removal was proper under 28 U.S.C. §§ 1332 and 1441 and that diversity jurisdiction exists because plaintiff is a citizen of California, whereas neither defendant is a citizen of California.  Kellwood is a Delaware corporation with its principal place of business in Missouri, and KRG is a Delaware corporation with its principal place of business in New York.

      This court assumes, without deciding, that complete diversity exists between plaintiff

4

Case 4:08-cv-05075-PJH   Document 27   Filed 02/03/09   Page 5 of 10

and Kellwood/KRG.

In her second motion, plaintiff seeks an order granting leave to join Koret as a DOE defendant and file her proposed first amended complaint. Plaintiff relies on Federal Rule of Civil Procedure 15(a) to support her motion for leave to amend.

Plaintiff argues that Koret is a viable DOE defendant because dissolved corporations continue to be proper defendants after dissolution. See Penasquitos Inc., v. Sup. Ct., 53 Cal. 3d 1180, 1185 (1991); Cal. Corp. Code § 2010(a). Corporations may be sued whether claims arise before or after dissolution. Cal. Corp. Code § 2011(a). Plaintiff argues that the citizenship of DOE defendants can be considered for purposes of jurisdiction when they are sufficiently described in the complaint. In support, she cites Marshall v. CSX Transp. Co., Inc., 916 F. Supp. 1150, 1153 (M.D. Ala. 1995). Plaintiff presumes Koret was "of California" as indicated by its name.

While Rule 15 ordinarily governs motions for leave to amend the complaint, the standard that governs the present motion – where the plaintiff seeks to join an additional defendant whose joinder would destroy subject matter jurisdiction – is the standard set forth in 28 U.S.C. § 1447(e). Congress added subsection (e) to § 1447 with the express purpose of taking advantage of the opportunity to permit remand if a plaintiff seeks to join a diversity-destroying defendant after removal. See H.R. Rep. No. 100-889, at 72-73 (1988), reprinted in 1988 U.S.C.C.A.N. 5982, 6033; see also Casas, 42 F.3d at 673-74; Curry, 462 F.3d at 540. Section 1447(e) is permissive, and clearly gives the district court the discretion to permit or deny joinder. Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998).[2]

When deciding whether to allow a plaintiff to amend a complaint to join additional

---

[2] Ordinarily, diversity is established as of the time of removal. However, "diversity jurisdiction is destroyed where, after removal, the court permits plaintiff to substitute a nondiverse person or entity for a 'Doe' defendant. The action must be remanded to state court." William Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial § 2:692.1 (2008) (citing Casas Office Machines, Inc. v. Mita Copystar America, Inc., 42 F.3d 668, 673-74 (1st Cir. 1994); Curry v. U.S. Bulk Transport, Inc., 462 F.3d 536, 540 (6th Cir. 2006)); see also Doleac ex rel. Doleac v. Michalson, 264 F.3d 470, 474 (5th Cir. 2001).

and Kellwood/KRG.

In her second motion, plaintiff seeks an order granting leave to join Koret as a DOE defendant and file her proposed first amended complaint. Plaintiff relies on Federal Rule of Civil Procedure 15(a) to support her motion for leave to amend.

Plaintiff argues that Koret is a viable DOE defendant because dissolved corporations continue to be proper defendants after dissolution. See Penasquitos Inc., v. Sup. Ct., 53 Cal. 3d 1180, 1185 (1991); Cal. Corp. Code § 2010(a). Corporations may be sued whether claims arise before or after dissolution. Cal. Corp. Code § 2011(a). Plaintiff argues that the citizenship of DOE defendants can be considered for purposes of jurisdiction when they are sufficiently described in the complaint. In support, she cites Marshall v. CSX Transp. Co., Inc., 916 F. Supp. 1150, 1153 (M.D. Ala. 1995). Plaintiff presumes Koret was "of California" as indicated by its name.

While Rule 15 ordinarily governs motions for leave to amend the complaint, the standard that governs the present motion – where the plaintiff seeks to join an additional defendant whose joinder would destroy subject matter jurisdiction – is the standard set forth in 28 U.S.C. § 1447(e). Congress added subsection (e) to § 1447 with the express purpose of taking advantage of the opportunity to permit remand if a plaintiff seeks to join a diversity-destroying defendant after removal. See H.R. Rep. No. 100-889, at 72-73 (1988), reprinted in 1988 U.S.C.C.A.N. 5982, 6033; see also Casas, 42 F.3d at 673-74; Curry, 462 F.3d at 540. Section 1447(e) is permissive, and clearly gives the district court the discretion to permit or deny joinder. Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998).[2]

When deciding whether to allow a plaintiff to amend a complaint to join additional

---

[2] Ordinarily, diversity is established as of the time of removal. However, "diversity jurisdiction is destroyed where, after removal, the court permits plaintiff to substitute a nondiverse person or entity for a 'Doe' defendant. The action must be remanded to state court." William Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial § 2:692.1 (2008) (citing Casas Office Machines, Inc. v. Mita Copystar America, Inc., 42 F.3d 668, 673-74 (1st Cir. 1994); Curry v. U.S. Bulk Transport, Inc., 462 F.3d 536, 540 (6th Cir. 2006)); see also Doleac ex rel. Doleac v. Michalson, 264 F.3d 470, 474 (5th Cir. 2001).

defendants whose joinder would destroy subject matter jurisdiction, district courts may consider the factors set forth in Palestini v. General Dynamics, 193 F.R.D. 654 (S.D. Cal. 2000).[3] These factors are

> (1) whether the new defendants should be joined under Fed. R. Civ. P. 19(a) as "needed for just adjudication"; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

Id. at 658 (citing William Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial, § 2:1078 (1999)); see also IBC Aviation Serv's v. Compania Mexicana De Aviacion, 125 F. Supp 2d 1008, 1011 (N.D. Cal. 2000); Righetti v. Shell Oil Co., 711 F. Supp. 531, 535 (N.D. Cal. 1989).

Defendants argue that the court should use its discretion to deny joinder of Koret, relying primarily on the analysis in Bonner v. Fuji Photo Film, 461 F. Supp. 2d 1112, 1119-20 (N.D. Cal. 2006) (citing Palestini, 193 F.R.D. at 658).

First, defendants argue that joinder of Koret is not necessary for plaintiff to recover complete relief. According to defendants, courts look to the definition of "indispensable party" under Rule 19(a) to determine whether joinder of a party is necessary. Defendants assert that Koret is not an indispensable party under Rule 19(a).

Second, defendants contend that plaintiff engaged in unexplained delay in attempting to join Koret. Defendants claim that nothing prevented plaintiff from naming Koret as a defendant in her initial complaint. According to defendants, failing to name Koret and later attempting to join Koret after removal constitutes unexplained delay.

Third, defendants argue that plaintiff's primary motive is to destroy diversity jurisdiction. Defendants assert that the timing of plaintiff's attempt to amend the complaint shows plaintiff's intent to defeat diversity. According to defendants, improper motive is a significant factor in the court's analysis.

---

[3] Most of the factors in Palestini seem to originate from the analysis provided in Hensgens v. Deere & Company, 833 F.2d 1179, 1182 (5th Cir. 1987).

Fourth, defendants contend that plaintiff's claims against Koret lack merit. For this argument, defendants rely on the assertion that Koret was never plaintiff's employer.

Fifth, defendants argue that denial of plaintiff's motion will not prejudice plaintiff, whereas defendants will be prejudiced by remand. Plaintiff seeks only money damages, and KRG can satisfy any judgment in plaintiff's favor. Defendants note that the purpose of diversity jurisdiction is to provide a forum for out-of-state litigants that is free from prejudice. Defendants cite Smith v. White Consol. Indus., Inc., 229 F. Supp. 2d 1275, 1282 (N.D. Ala. 2002), in support of their argument that diverse defendants have the right to a federal forum.

Defendants offer two additional points in support of their opposition. The first of these is that courts are reluctant to allow joinder when it would defeat diversity jurisdiction. Defendants contend that traditionally, jurisdiction would not be defeated by later changes in the suit. Defendants add that the Ninth Circuit has also generally weighed against allowing joinder, citing Lopez v. General Motors Corp., 697 F.2d 1328, 1332 (9th Cir. 1983). Finally, defendants argue again that Koret cannot properly be joined because Koret was never plaintiff's employer.

In response, plaintiff first addresses the question whether Koret should be joined as a necessary party under Rule 19(a). Plaintiff notes that joinder may be necessary when defendants subject to different theories of liability share a substantial issue of causation.

Second, plaintiff argues that an action against Koret in state court would not be barred by the statute of limitations.

Third, plaintiff asserts there has been no unexplained delay in requesting joinder. Although she did not name Koret as a defendant in her initial complaint, she provided the name as a pseudonym for defendant KRG. After defendants disclosed that Koret was a corporation, plaintiff attempted to include Koret by stipulation, by identifying Koret as a DOE defendant, and now with this motion. Plaintiff points out that the paperwork she received through her employment never included the designation "Inc." and simply referred to the company as "Koret of California." Plaintiff argues that her confusion over the company

7

names was reasonable.

Fourth, plaintiff contends that joinder of Koret is not intended solely to defeat diversity. Plaintiff emphasizes that Koret was named in plaintiff's original complaint (as "a.k.a.") and that plaintiff provided Koret's correct Oakland address. Plaintiff's timing in seeking to join Koret is explained by the fact that the removal papers identified Koret as a separate entity. Plaintiff contends she acted quickly to add Koret, first requesting a stipulated amendment from defense counsel, then moving to remand based on a known DOE defendant, then by moving to amend.

Fifth, plaintiff argues that the claims against Koret are valid. Plaintiff asserts that a finding of integrated enterprise is fact-intensive and that there is more than a "slight" possibility of recovery at this stage in the case.

Sixth, plaintiff argues that there will be substantial prejudice to her if the amendment is denied. She will have to pursue Koret separately in state court based on the same facts, creating additional costs, wasting judicial resources, and leaving the possibility of inconsistent rulings.

"Under § 1447, whether to permit joinder of a party that will destroy diversity jurisdiction remains in the sound discretion of the Court." Palestini, 193 F.R.D. at 658 (citing Newcombe, 157 F.3d at 691; Clinco v. Roberts, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999)).

As for the first factor—whether joinder is necessary—the court is not required to undertake a Rule 19 analysis. Congress intended district courts to have a choice between the options available under § 1447(e) and Rule 19. See Yniques v. Cabral, 985 F.2d 1031, 1036 (9th Cir. 1993); see also Gunn v. Wild, 2002 WL 356642 at *4 (N.D. Cal., Feb. 26, 2002). Defendants argue that Koret is not an indispensable party under Rule 19, but this is not a deciding factor in the analysis.

With regard to the second factor, it does not appear that plaintiff would be barred by the statute of limitations from bringing claims against Koret in state court. Plaintiff received her right-to-sue notice from DFEH in May 2008, and sought leave to join Koret well within

the limitations period.

As for the third factor – whether there has been unexplained delay in seeking joinder – the parties disagree about the reasons for the timing of plaintiff's motion.  In reviewing plaintiff's original complaint and the evidence submitted by plaintiff in support of her claims against Kellwood and KRG, it is clear that plaintiff believed Koret was related to the other defendants and that she thought there was a possibility of finding liability against Koret. She did not know of Koret's separate corporate existence, which is understandable considering the arrangement at her place of employment and the multiple references to all three names – KRG, Koret and Kellwood – in the paperwork she was given by the human resources office.  Thus, this factor favors plaintiff.

As for the fourth factor, the parties also disagree about plaintiff's motives in making this motion for leave to amend.  The timing of this motion for leave to amend does not appear to be motivated primarily by a desire to destroy diversity jurisdiction.  Plaintiff's explanation that she did not know of Koret's corporate status until receiving papers from defendants identifying Koret as such is reasonable.

As for the fifth factor – the validity of plaintiff's claims against the new defendant – plaintiff's claims against all defendants are the same.  In attempting to join Koret, plaintiff is correcting an error that she made when naming KRG "a.k.a. Koret of California."  Plaintiff's case can be distinguished from Bonner, upon which defendants heavily rely.  In Bonner, the court described the plaintiff's motion to join additional defendants as "merely an attempt to defeat federal jurisdiction" and explained that there was "no reason to think that [plaintiff] would have a meritorious claim" against the defendants plaintiff sought to join.  461 F. Supp. 2d at 1120.

The key question going to the validity of plaintiff's claims against Koret is whether Koret was plaintiff's employer.  Since defendants have not clearly established that plaintiff was not employed by Koret, the court finds that this factor does not favor either side.

The final factor – whether denial of joinder will prejudice the plaintiff – seems to weigh in plaintiff's favor.  If plaintiff is forced to pursue Koret in state court based on the

9

1 same facts, it will waste plaintiff's resources and judicial resources.  Furthermore, the
2 relationship between KRG and Koret is still unclear, especially concerning the shared
3 employees and/or human resources department.  Since plaintiff's claims arise out of her
4 termination by these employees, it could result in prejudice to her if she were compelled to
5 try her claims against Koret separately.

There is no evidence that Koret of California is not a California citizen.  Plaintiff has presumed that Koret is a local defendant, and defendants have provided no evidence to show otherwise.  Defendants have argued that Koret was dissolved, but this does not prevent plaintiff from pursuing Koret in order to obtain relief.  Prejudice would result to plaintiff if she were forced to maintain this action in federal court and simultaneously file suit in state court against Koret.

In consideration of the above factors, the court GRANTS plaintiff's motion for leave to join Koret as a defendant.  Since the joinder of defendant Koret of California, Inc. will destroy diversity, the court also GRANTS plaintiff's motion to remand the case due to lack of subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, the court hereby GRANTS plaintiff's motion to amend. The First Amended Complaint filed as Exhibit 1 to the Declaration of Richard Vaznaugh in support of the motion to amend is deemed filed as of today's date.  As complete diversity is destroyed by the amendment, the case is remanded to the Alameda County Superior Court for lack of subject matter jurisdiction.

The date for the hearing on plaintiff's motions, previously set for Wednesday, February 4, 2009, is VACATED.

**IT IS SO ORDERED.**

Dated: February 3, 2009

PHYLLIS J. HAMILTON
United States District Judge